UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIANA A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:23-CV-1474-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of medical opinion evidence from consultative examiner Debra Fischer, APRN. Had the ALJ properly considered this opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff filed claims for SSI and disability insurance benefits ("DIB") in May 2020, alleging disability beginning on February 1, 2010. Dkt. 7, Administrative Record ("AR") 222–31, 240–41. Her applications were denied at the initial level and on reconsideration. AR 84–85, 100, 107. She requested a hearing before an ALJ, which took place on July 19, 2022. AR 51–74, 153–54. Plaintiff was represented by counsel. *See* AR 51. At the hearing, Plaintiff amended the alleged onset date to May 27, 2020, and voluntarily withdrew her request for a hearing regarding her DIB claim. *See* AR 29, 56. The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7, 26–49. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff argues the ALJ erred in evaluating medical opinion evidence from consultative examiner Debra Fischer, APRN. Dkt. 12 at 1. She contends the proper remedy for this error is remand for an award of benefits. *Id.*

### A. *Medical Opinion Evidence*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's applications were filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–

92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Debra Fischer, APRN, performed a consultative examination of Plaintiff on October 23, 2021. AR 503. She noted Plaintiff's chief complaints were back/hip pain, dry eye, and chronic pain syndrome, but Plaintiff reported she was "able to groom and perform daily ablutions by herself without assistance," was "capable of basic household chores such as laundry, cooking, sweeping, and vacuuming," and was able to drive but did not have a car. AR 503–04. Ms. Fischer's findings on physical examination of Plaintiff were largely unremarkable, including notes that Plaintiff had no muscle spasm or malalignment in her back at the time of the exam. AR 504. She found normal reflexes in Plaintiff's knees and somewhat decreased reflexes in her bilateral Achilles and bilateral biceps. AR 505. Ms. Fischer also noted that Plaintiff was able to get on and off a chair without difficulty but found that Plaintiff was unable to perform tandem walking, walking on heels, or walking on toes. *Id.* Her gait was normal without use of an

assistive device. *Id.* Ms. Fischer found normal range of motion in Plaintiff's joints, specifically noting normal range of motion in Plaintiff's back. AR 506–07.

Based on her assessment of Plaintiff's performance throughout the examination and on the medical records provided, Ms. Fischer opined Plaintiff could stand or walk for ten minutes at time and for a total of one hour each per eight hours. AR 507–09. She found Plaintiff could sit for five minutes at a time and for a total of thirty minutes per eight hours. AR 508. Ms. Fischer also opined Plaintiff could lift or carry a maximum of 20 pounds. *Id.* She found Plaintiff could only occasionally push or pull with either leg, climb, stoop, kneel, crouch, or crawl; could frequently push or pull with either arm, balance, and reach overhead; and could constantly handle, finger, feel, talk, and hear. AR 508–09.

The ALJ found Ms. Fischer's opinion not persuasive, writing that it was "not supported by the consultative exam findings[.]" AR 40. The ALJ did not make an explicit finding on consistency, but he referenced other providers' findings in the record:

> [Plaintiff's] treating physician's exam findings show some tenderness, a slow broad-based gait, and at times some decrease in touch and pin prick over the later aspect of the left leg. The record shows no use of assistive devices on exam, and she stated that she does not use any assistive devices to ambulate. She manages her own personal care, she prepares simple meals, cleans, does laundry, she shops, and enjoys watching television and reading, albeit all with limitations. The undersigned finds the record supports the claimant could perform light work as outlined above.

*Id.* (internal citations omitted).

Here, the ALJ's conclusion that Ms. Fischer's opinion was not supported by her examination findings is arguably supported by substantial evidence—the results of Plaintiff's physical examination appeared largely unremarkable, and Ms. Fischer did not indicate how or whether the opined limitations were related to the few abnormal findings. But Ms. Fischer's

opinion also relied on a review of Plaintiff's medical records, which the ALJ's decision does not address in its supportability analysis.

In fact, it is not clear from the ALJ's decision what purpose the other cited pages of the record are intended to serve. Defendant contends the ALJ's references to other medical records constituted a finding that Ms. Fischer's opinion was inconsistent with this other evidence. Dkt. 14 at 3–4. The Court cannot accept this argument for two reasons. First, as noted above, the Court may review only the reasons provided by the ALJ in his decision. *Garrison*, 759 F.3d at 1010; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Second, the cited records are not clearly inconsistent with Ms. Fischer's opinion. Though the cited examination findings from Plaintiff's treating physicians may be different from Ms. Fischer's physical examination findings, the ALJ does not explain how the other providers' findings are inconsistent with Ms. Fischer's opined limitations. Also, the ALJ's reference to Plaintiff's daily activities are similar to those Plaintiff reported to Ms. Fischer, but the ALJ does not explain how Plaintiff's ability to perform these activities "with limitations" is inconsistent with Ms. Fischer's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Because the ALJ failed to properly consider this medical opinion evidence, the ALJ erred. Had the ALJ properly considered Ms. Fischer's opinion, the RFC may have included additional limitations. Accordingly, the ALJ's error is not harmless and requires reversal.

B. *Remedy*

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Plaintiff briefly contends that the proper remedy for the ALJ's error is remand for an award of benefits. Dkt. 12 at 1. Based on a review of the record, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning May 27, 2020. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 5th day of July, 2024.

David W. Christel
United States Magistrate Judge